IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. CIV-22-0341-HE |
| | ) |
| JANET DOWLING, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Petitioner Marcus Ford, a state prisoner appearing *pro se*, filed this case seeking habeas relief pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings.  Upon initial review, Judge Erwin determined that the petition was untimely.  Accordingly, he issued a Report and Recommendation recommending that the petition be dismissed.

The Report advised petitioner of his right to object to the Report by June 30, 2022.  In response, petitioner filed a Motion for Relief from Judgment pursuant to Fed.R.Civ.P. 60, which the court construes as an objection to the Report.

Petitioner pled guilty to first-degree murder in 1998.  In November 2021, he filed an application for post-conviction relief arguing the state court lacked jurisdiction over his case based on McGirt v. Oklahoma, 140 S.Ct. 2452 (2020).  The application was denied, and that denial was affirmed by the Oklahoma Court of Criminal Appeals.[1]

---

[1] The OCCA, relying on State ex rel. Matloff v. Wallace, 497 P.3d 686 (Okla. 2021), concluded that McGirt was only a procedural change in the law and, therefore, was not retroactive so as to void final state convictions.

The Report concludes that, pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction became final on June 1, 1998, and that his limitations period expired on June 1, 1999. It further concludes that petitioner's McGirt argument does not fall within § 22(d)(1)(C) because McGirt did not recognize a new constitutional right. Likewise, the Report concludes that, under the circumstances presented, petitioner is not entitled to statutory or equitable tolling of the limitations period.

Petitioner invokes Fed.R.Civ.P. 60 to argue that the court should set aside his state court conviction because McGirt demonstrates that the state court lacked jurisdiction over his case. But Rule 60 does not permit federal courts to set aside state court judgments.

Certain contentions in petitioner's Motion for Relief also may be read to present an argument that his petition is timely under § 2244(d)(1)(C) (new constitutional rule) and (D) (new factual predicate). The court, however, agrees with the Report that McGirt did not create a new constitutional rule, and petitioner fails to present new factual evidence that could not have been discovered more than one-year prior to the filing of his petition.

Accordingly, the Report and Recommendation [Doc. #13] is **ADOPTED**. The petition is untimely and will be **DISMISSED** with prejudice. Because petitioner has plausibly demonstrated "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court **ISSUES** a Certificate of Appealability should petitioner elect to appeal the dismissal of his petition.

**IT IS SO ORDERED**.

Dated this 20th day of July, 2022.

                                                                                                                                        _/s/ Joe Heaton_____

                                                          JOE HEATON
                                                          UNITED STATES DISTRICT JUDGE